**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| TOCCOA LTD. | § |
| | § |
| v. | §   CIVIL ACTION NO. 1:21-cv-00313-MJT |
| | § |
| NORTH AMERICAN ROOFING | § |
| SERVICES, LLC AND | § |
| AMERICAN ZURICH INSURANCE | § |
| COMPANY | § |

**TOCCOA LTD.'S FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff Toccoa Ltd. ("Toccoa") and files this, its First Amended Complaint, against North American Roofing Services, LLC ("North American Roofing"), American Zurich Insurance Company ("Zurich") and DAREV Contracting Services, LLC ("DAREV") (collectively "Defendants"), and in support thereof would show the Court the following:

**I.   PARTIES**

1.   Toccoa Ltd. is a Texas Limited Partnership.

2.   North American Roofing Services, LLC is a foreign limited liability company and has appeared in this matter.

3.   American Zurich Insurance Company is a foreign corporation and has appeared in this matter.

4.   DAREV Contracting Services, LLC is a foreign limited liability company and has appeared in this matter.

1

## II. VENUE & JURISDICTION

5. Venue is proper in this district under 28 U.S.C. § 1391(b). The events giving rise to the claim occurred in the district. The damages suffered by Toccoa occurred at 650 South 23rd Street Beaumont, Texas 77701.

6. The Court has jurisdiction over this suit under 28 U.S.C. § 1332. There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

## III. FACTUAL BACKGROUND

7. On January 3, 2020, Toccoa and North American Roofing entered into a construction agreement (the "Agreement"), wherein North American Roofing agreed to replace the roof of the building owned by Toccoa located at 650 South 23rd Street Beaumont, Texas 77701 (the "Warehouse"). Sometime thereafter, DAREV was subcontracted by North American Roofing to assist with replacement of the Warehouse's roof. At the beginning of August, North American Roofing and DAREV had completed roughly eighty (80) percent of the roof replacement.

8. However, at this time, a common summer thunderstorm blew through Beaumont. Because North American Roofing and DAREV failed to properly prepare for the storm, a portion of the Warehouse's roof being worked on peeled back and water flowed into the Warehouse, flooding portions of the Warehouse's floor and of the mezzanine office space. The unimpeded water flowing into the warehouse caused substantial damage to the Warehouse's floors, interior walls and ceiling.

9. Immediately after the storm and discovery of the damage, Toccoa began the process of pursuing a claim with North American Roofing, DAREV and Zurich, Toccoa's builder's risk insurer of the Warehouse at the time of the incident. To date, Toccoa's claims with North American Roofing, DAREV and Zurich have all been erroneously denied despite liability being

reasonably clear. Accordingly, Toccoa has been left holding the bag on repairs estimated to exceed $1.5 million.

10.    As a result of North American Roofing's refusal to uphold its contractual obligations, Toccoa has been left with no alternative than to place the remaining balance of unpaid North American Roofing invoices totaling approximately $750,000 in escrow pending adjudication of Toccoa's claims.

## IV. NEGLIGENCE

11.    Paragraphs one (1) through ten (10) are incorporated by reference.

12.    North American Roofing and DAREV owed Toccoa a duty to ensure that no damage was done to the Warehouse at issue as a result of their replacement of the roof. North American Roofing and DAREV breached this duty when they negligently failed to properly secure the section of the roof being worked on before a common summer thunderstorm passed through Beaumont. This failure proximately resulted in sections of the roof peeling back and large amounts of water flooding into the Warehouse, causing substantial damage to the Warehouse's floors, interior walls and ceiling. Accordingly, North American Roofing and DAREV are liable for their negligence.

## V.  BREACH OF CONTRACT

13.    Paragraphs one (1) through twelve (12) are incorporated by reference.

14.    North American Roofing is liable for breach of contract, as it has failed to uphold the terms of the Agreement. More specifically, the Agreement provides for North American Roofing to indemnify Toccoa for any "injury or damage caused to the Property or any persons or property thereon by it or any of its employees or subcontractors" during the replacement of the roof. To date, North American Roofing has refused and/or failed to compensate Toccoa for the damage

sustained as a result of North American Roofing's failure to properly secure the roof sections prior to the thunderstorm's arrival.

15.     Toccoa has sustained damages as a result of North American Roofing's breach. All conditions precedent have been performed or occurred, and Toccoa is entitled to recover its damages, attorneys' fees, costs, and prejudgment and post-judgment interest as may be allowed by the law.

16.     Further, DAREV is liable for breach of contract. Toccoa is the third-party beneficiary of the subcontract agreement entered into between North American Roofing and DAREV (the "Subcontract"), which was entered into for the direct benefit of Toccoa. As part of the Subcontract, DAREV agreed to promptly repair or remedy any defects that resulted from its workmanship. To date, DAREV has refused and/or failed to repair, remedy, or compensate Toccoa for the damage sustained because of DAREV's failure to properly secure the roof sections prior to the thunderstorm's arrival. Toccoa has sustained damages as a direct result of DAREV's breach of the Subcontract. All conditions precedent have been performed or occurred, and Toccoa is entitled to recover its damages, attorneys' fees, costs, and prejudgment and post-judgment interest as may be allowed by the law.

17.     Lastly, Zurich is liable for breach of contract, as it has failed to uphold and perform under the terms of the insurance agreement entered into with Toccoa. More specifically, the damage sustained by Toccoa is covered under the Builder's Risk policy held by Toccoa. Despite this, Zurich has refused to honor the terms of the agreement and compensate Toccoa, thereby resulting in damages. All conditions precedent have been performed or occurred, and Toccoa is entitled to recover its damages, attorneys' fees, costs, and prejudgment and post-judgment interest as may be allowed by the law.

## VI. BAD FAITH

18. Paragraphs one (1) through seventeen (17) are incorporated by reference.

19. There exists an insurance contract between Toccoa and Zurich, which created a duty of good faith and fair dealing on the part of Zurich. Zurich breached its duty when it denied payment of Toccoa's claim filed August of 2020 despite Zurich's liability being reasonably clear. As a result of Zurich's breach of its duty of good faith and fair dealing, Toccoa has suffered damages. Therefore, Zurich is liable for its bad faith actions resulting from its denial of payment to Toccoa despite liability being reasonably clear.

## VII. REQUEST FOR RELIEF

THEREFORE, Plaintiff Toccoa Ltd. requests that the Court enter judgment for Toccoa, dismiss Defendants' claims, if any, with prejudice, and that Toccoa have judgment against Defendants for the following:

a. Actual damages;

b. Exemplary damages;

c. Costs of suit;

d. Attorneys' fees in the trial and appellate courts;

e. Pre- and post-judgment interest; and

f. All other relief, in law and equity, to which Toccoa may be justly entitled.

Respectfully submitted,

STRONG PIPKIN BISSELL & LEDYARD, L.L.P.

/s/ *Greg M. Dykeman*

Greg M. Dykeman
State Bar No. 06325100
Patrick Crosby
State Bar No. 24116237
14th Floor, San Jacinto Building
595 Orleans
Beaumont, Texas 77701-3255
TELEPHONE (409) 981-1120
FACSIMILE   (409) 981-1010
gdykeman@strongpipkin.com
pcrosby@strongpipkin.com
**ATTORNEYS FOR PLAINTIFF,
TOCCOA LTD.**

## CERTIFICATE OF SERVICE

I certify that on March 17, 2022, a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5. All counsel of record are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ *Greg M. Dykeman*

Greg M. Dykeman