IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| TOCCOA LTD. | § |
| | § |
| v. | § |
| | §    CIVIL ACTION NO. 1:21-cv-00313-MJT |
| | § |
| NORTH AMERICAN ROOFING | § |
| SERVICES, LLC AND | § |
| AMERICAN ZURICH INSURANCE | § |
| COMPANY | § |
| | § |
| | § |
| v. | § |
| | § |
| | § |
| DAREV CONTRACTING SERVICES, | § |
| LLC | § |

## TOCCOA LTD.'S THIRD AMENDED COMPLAINT

NOW COMES Plaintiff Toccoa Ltd. ("Toccoa") and files this, its Third Amended Complaint, against North American Roofing Services, LLC ("North American Roofing"), American Zurich Insurance Company ("Zurich"), DAREV Contracting Services, LLC ("DAREV") and Firestone Building Products Company, LLC ("Firestone") (collectively "Defendants"), and in support thereof would show the Court the following:

### I.  PARTIES

1.    Toccoa Ltd. is a Texas Limited Partnership.

2.    North American Roofing Services, LLC is a foreign limited liability company and has appeared in this matter.

3.    American Zurich Insurance Company is a foreign corporation and has appeared in this matter.

1

4.  DAREV Contracting Services, LLC is a foreign limited liability company and has appeared in this matter.

5.  Firestone Building Products Company, LLC is a foreign limited liability company and may be served with process by serving its registered agent, United Agent Group, Inc., at 5444 Westheimer #1000 Houston, Texas 77056.

## II. VENUE & JURISDICTION

6.  Venue is proper in this district under 28 U.S.C. § 1391(b). The events giving rise to the claim occurred in the district. The damages suffered by Toccoa occurred at 650 South 23rd Street Beaumont, Texas 77701.

7.  The Court has jurisdiction over this suit under 28 U.S.C. § 1332. There is complete diversity of citizenship, and the amount in controversy exceeds $75,000. Further, the Court has jurisdiction over Firestone Building Products Company, LLC as Firestone has systemic and continuous contacts within the State of Texas that give rise to Toccoa's claims. The Court's assertion of jurisdiction over Firestone does not offend the notions of fair play and substantial justice. Firestone has directed its activities within Texas such that it can reasonably anticipate being haled into court in Texas.

## III. FACTUAL BACKGROUND

8.  On January 3, 2020, Toccoa and North American Roofing entered into a construction agreement (the "Agreement"), wherein North American Roofing agreed to replace the roof of the building owned by Toccoa located at 650 South 23rd Street Beaumont, Texas 77701 (the "Warehouse"). In conjunction with entering into the Agreement, Toccoa sought builder's risk insurance coverage from Zurich.

9. During Toccoa's acquisition of the builder's risk policy (the "Policy"), Toccoa was under the impression that the Policy covered all damage related to the reroofing process being performed by North American Roofing based on discussions with Zurich's agent, The Maida Agency, Inc. ("The Maida Agency"). These discussions included at least one specific request and demand that the Policy include coverage for windstorm and any and all damage related to the reroofing process.

10. Sometime after entering into the Agreement, DAREV was subcontracted by North American Roofing to assist with replacement of the Warehouse's roof. At the beginning of August, North American Roofing and DAREV had completed roughly eighty (80) percent of the roof replacement.

11. However, at this time, a common summer thunderstorm blew through Beaumont. Because North American Roofing and DAREV failed to properly prepare for the storm, a portion of the Warehouse's roof being worked on peeled back and water flowed into the Warehouse, flooding portions of the Warehouse's floor and of the mezzanine office space. The unimpeded water flowing into the warehouse caused substantial damage to the Warehouse's floors, interior walls and ceiling.

12. Immediately after the storm and discovery of the damage, Toccoa began the process of pursuing a claim with North American Roofing, DAREV and Zurich, Toccoa's builder's risk insurer of the Warehouse at the time of the incident. To date, Toccoa's claims with North American Roofing, DAREV and Zurich have all been erroneously denied despite liability being reasonably clear. Accordingly, Toccoa has been left holding the bag on repairs estimated to exceed $1.5 million. This is in addition to having a roof that still experiences leaks over occupied portions of the Warehouse.

13.     As a result of North American Roofing's refusal to uphold its contractual obligations, Toccoa has been left with no alternative than to place the remaining balance of unpaid North American Roofing invoices totaling approximately $750,000 in escrow pending adjudication of Toccoa's claims.

14.     Lastly, as of February 3, 2022, the warranty on the Firestone roofing products has been cancelled. The cancellation comes as a result of NAR contacting Firestone and claiming it has yet to be paid for materials and labor. Firestone, despite being made aware of the basis for Toccoa's claims, cancelled the policy when Toccoa declined Firestone's instructions to settle with NAR in order to keep the warranty in place.

## IV. NEGLIGENCE

15.     Paragraphs one (1) through fourteen (14) are incorporated by reference.

16.     North American Roofing and DAREV owed Toccoa a duty to ensure that no damage was done to the Warehouse at issue as a result of their replacement of the roof. North American Roofing and DAREV breached this duty when they negligently failed to properly secure the section of the roof being worked on before a common summer thunderstorm passed through Beaumont. This failure proximately resulted in sections of the roof peeling back and large amounts of water flooding into the Warehouse, causing substantial damage to the Warehouse's floors, interior walls and ceiling. Accordingly, North American Roofing and DAREV are liable for their negligence.

## V. BREACH OF CONTRACT

17.     Paragraphs one (1) through sixteen (16) are incorporated by reference.

18.     North American Roofing is liable for breach of contract, as it has failed to uphold the terms of the Agreement. More specifically, the Agreement provides for North American Roofing to indemnify Toccoa for any "injury or damage caused to the Property or any persons or property

thereon by it or any of its employees or subcontractors" during the replacement of the roof. To date, North American Roofing has refused and/or failed to compensate Toccoa for the damage sustained as a result of North American Roofing's failure to properly secure the roof sections prior to the thunderstorm's arrival. Stillmore, North American Roofing failed to carry out the reroofing process in a good and workmanlike manner in accordance with the Agreement. The failure to do so left Toccoa with a roof that continues to leak and affects Warehouse tenants.

19. Toccoa has sustained damages as a result of North American Roofing's breach. All conditions precedent have been performed or occurred, and Toccoa is entitled to recover its damages, attorneys' fees, costs, and prejudgment and post-judgment interest as may be allowed by the law.

20. Further, DAREV is liable for breach of contract. Toccoa is the third-party beneficiary of the subcontract agreement entered into between North American Roofing and DAREV (the "Subcontract"), which was entered into for the direct benefit of Toccoa. As part of the Subcontract, DAREV agreed to promptly repair or remedy any defects that resulted from its workmanship. To date, DAREV has refused and/or failed to repair, remedy, or compensate Toccoa for the damage sustained because of DAREV's failure to properly secure the roof sections prior to the thunderstorm's arrival. Further, DAREV failed carry out the reroofing process in a good and workmanlike manner in accordance with the Agreement. The failure to do so left Toccoa with a roof that continues to leak in sections separate from the area where the roof tie-in peeled back in the thunderstorm and affects Warehouse tenants.

21. Toccoa has sustained damages as a direct result of DAREV's breach of the Subcontract. All conditions precedent have been performed or occurred, and Toccoa is entitled to recover its

damages, attorneys' fees, costs, and prejudgment and post-judgment interest as may be allowed by the law.

22. Lastly, Zurich is liable for breach of contract, as it has failed to uphold and perform under the terms of the insurance agreement entered into with Toccoa. More specifically, the damage sustained by Toccoa is covered under the Policy held by Toccoa. Despite this, Zurich has refused to honor the terms of the agreement and compensate Toccoa, thereby resulting in damages. All conditions precedent have been performed or occurred, and Toccoa is entitled to recover its damages, attorneys' fees, costs, and prejudgment and post-judgment interest as may be allowed by the law.

## VI. BAD FAITH

23. Paragraphs one (1) through twenty-two (22) are incorporated by reference.

24. There exists an insurance contract between Toccoa and Zurich, which created a duty of good faith and fair dealing on the part of Zurich. Zurich breached its duty when it denied payment of Toccoa's claim filed August of 2020 despite Zurich's liability being reasonably clear. As a result of Zurich's breach of its duty of good faith and fair dealing, Toccoa has suffered damages. Therefore, Zurich is liable for its bad faith actions resulting from its denial of payment to Toccoa despite liability being reasonably clear.

25. Alternatively, and in the event the Policy does not cover the damage caused by the flooding event, Zurich remains liable for its agent's failure to properly procure a builder's risk policy covering the interior portions of the warehouse despite this request having been made by Toccoa. The Maida Agency was aware of the reroofing process, the risks involved, Toccoa's concerns and Toccoa's request for windstorm coverage and coverage for interior damage during the reroofing process. The Maida Agency was involved in Toccoa's coverage application, consummating the

Policy for Zurich and collecting the premium paid by Toccoa for the Policy, thus making The Maida Agency an agent of Zurich under Tex. Ins. Code § 4001.051.

## VII.   TORTIOUS INTERFERENCE

26.   Paragraphs one (1) through twenty-five (25) are incorporated by reference.

27.   The Agreement is a valid and enforceable contract governing the relationship between Toccoa and NAR. As part of the Agreement, NAR is to indemnify Toccoa for any injuries or damage sustained from NAR or its subcontractors' actions. To date, NAR has refused to uphold this provision of the Agreement and fully perform its obligations, necessitating this suit.

28.   Despite this, Firestone has willfully and intentionally interfered with Toccoa's rights under the Agreement, cancelling the warranty on the building products installed at the Warehouse unless Toccoa reaches a "fair settlement" with NAR on the funds NAR claims it is owed. As a result of Firestone's unlawful and tortious interference, Toccoa has been left to choose between a forced settlement with NAR to obtain warranty repairs on current leaks or maintain its suit to enforce the provisions of the Agreement and continue suffering damages because of Firestone's refusal to maintain the warranty during the pendency of this suit.

## VIII.   REQUEST FOR RELIEF

THEREFORE, Plaintiff Toccoa Ltd. requests that the Court enter judgment for Toccoa, dismiss Defendants' claims, if any, with prejudice, and that Toccoa have judgment against Defendants for the following:

   a. Actual damages;

   b. Exemplary damages;

   c. Costs of suit;

   d. Attorneys' fees in the trial and appellate courts;

  e. Pre- and post-judgment interest; and

  f. All other relief, in law and equity, to which Toccoa may be justly entitled.

           Respectfully submitted,

           MOORE LANDREY, L.L.P.

           /s/ *Greg M. Dykeman*

           Greg M. Dykeman
           State Bar No. 06325100
           Patrick Crosby
           State Bar No. 24116237
           905 Orleans Street
           Beaumont, Texas 77701
           TELEPHONE (409) 835-3891
           gdykeman@moorelandrey.com
           pcrosby@moorelandrey.com
           **ATTORNEYS FOR PLAINTIFF,
           TOCCOA LTD.**

## **CERTIFICATE OF SERVICE**

I certify that on November 23, 2022, a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5. All counsel of record are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

           */s/ Greg M. Dykeman*
           Greg M. Dykeman