IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TOCCOA, LTD. | § | |
| | § | |
| v. | § | |
| | § | |
| NORTH AMERICAN ROOFING | § | CIVIL ACTION NO.  1:21-CV-00313 |
| SERVICES, LLC AND AMERICAN | § | JUDGE MICHAEL J. TRUNCALE |
| ZURICH INSURANCE COMPANY | § | |
| | § | |
| v. | § | |
| | § | |
| DAREV CONTRACTING SERVICES, LLC | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

On May 23, 2023, the Court referred Defendant American Zurich Insurance Company's ("Zurich") Motion for Summary Judgment and Brief in Support [Dkt. 96] to United States Magistrate Judge Zack Hawthorn for consideration and disposition pursuant to Title 28 U.S.C. § 636(b)(1)(A) and (3).  [Dkt. 122].  Zurich seeks summary judgment on Toccoa, Ltd. ("Toccoa")'s causes of action against Zurich for breach of contract and bad faith.  On June 8, 2023, Judge Hawthorn issued his Report and Recommendation recommending that the Court grant Zurich's Motion for Summary Judgment on both causes of action.  [Dkt. 150].  On June 13, 2023, Toccoa filed its Objections to Magistrate Judge Zack Hawthorn's Report and Recommendation. [Dkt. 165].  On June 16, 2023, Zurich filed its Response to Toccoa's Objections.  [Dkt. 172].

At issue is the scope of coverage provided by the builder's risk insurance policy, which Zurich issued to Toccoa in connection with Toccoa's replacement of its warehouse's roof.  [Dkt. 52 at 1–2; Ex. A, Dkt. 107-1 at 6].  In August 2020—in the midst of the roof construction—a thunderstorm hit Beaumont, and rainwater flowed into the warehouse.  [Dkt. 52 at 3, ¶ 11].  Toccoa

submitted a claim to Zurich for the storm's damage to the warehouse's interior, and Zurich denied the claim. [Ex. 9, Dkt. 97-1 at 371].

The Court discerns from both Zurich's motion and Judge Hawthorn's report, that there are two separate issues at play: First, "whether [Toccoa] can recover for a breach of contract claim under the Zurich Policy for damage to [Toccoa's] existing property or structures," and second, "whether [Toccoa] can substantiate a claim for bad faith for Zurich's alleged failure to pay [Toccoa's] claim for damage to the existing structure." [Dkt. 96 at 2; Dkt. 150 at 7 n.1]. Judge Hawthorn recommended granting Zurich's Motion for Summary Judgment on Toccoa's breach of contract claim because the policy expressly excluded coverage for existing structures. [Dkt. 150 at 9–20]. Toccoa's instant objections do not dispute Judge Hawthorn's recommendation for the breach of contract claim. The Court therefore adopts the Magistrate Judge's report, and grants Zurich's Motion for Summary Judgment [Dkt. 96], on Toccoa's breach of contract claim.

Toccoa only disputes Judge Hawthorn's report regarding the second issue in this matter: Toccoa's bad faith claim against Zurich. [Dkt. 165 at 2]. In its Third Amended Complaint, Toccoa alleges a type of vicarious liability theory against Zurich, stating:

> Alternatively, and in the event the Policy does not cover the damage caused by the flooding event, Zurich remains liable for its agent's failure to properly procure a builder's risk policy covering the interior portions of the warehouse despite this request having been made by Toccoa. The Maida Agency was aware of the reroofing process, the risks involved, Toccoa's concerns and Toccoa's request for windstorm coverage and coverage for interior damage during the reroofing process. The Maida Agency was involved in Toccoa's coverage application, consummating the Policy for Zurich and collecting the premium paid by Toccoa for the Policy, thus making The Maida Agency an agent of Zurich under Tex. Ins. Code § 4001.051.

[Dkt. 52 at 6–7, ¶ 25].

In its Response to Defendant American Zurich Insurance Company's Motion for Summary Judgment, Toccoa re-states this same vicarious liability theory, and also states: "Stillmore, if the Policy does not provide the requisite coverage, Zurich is estopped from denying the benefits that would be payable as the damage had been covered." [Dkt. 107 at 7, ¶ 20].

Judge Hawthorn's report analyzed Toccoa's bad faith claim under the standards that the Supreme Court of Texas provided in *In re State Farm Mutual Automobile Insurance Company*, 629 S.W.3d 866 (Tex. 2021) and *USAA Texas Lloyds Company v. Menchaca*, 545 S.W.3d 479 (Tex. 2018). He concluded that Toccoa could not succeed on a theory based on an "injury independent of the policy claim" because Toccoa sought damages that were predicated on its builder's risk policy. [Dkt. 150 at 21]. Moreover, Judge Hawthorn concluded that Toccoa could not succeed on the "Benefits-Lost Rule" because the *Menchaca* Court did not recognize Toccoa's asserted vicarious liability theory, and further, because Toccoa raised its estoppel theory for the first time in its response to Zurich's Motion for Summary Judgment. [*Id.* at 23].

Toccoa now objects to Judge Hawthorn's report on two separate bases. First, Toccoa states: "*Menchaca* is not the sole authority on establishing a bad faith claim in Texas," and points the Court to the Texarkana Court of Appeals' decision in *Maryland Insurance Company v. Head Industrial Coatings and Services, Inc.*, 906 S.W.2d 218 (Tex. App.—Texarkana 1995), *rev'd on other grounds*, 938 S.W.2d 127 (Tex. 1996), for the proposition that an insured may hold its insurer liable for its agent's failure to procure the correct policy. [Dkt. 165 at 2–3]. Second, Toccoa states that Judge Hawthorn was incorrect when determining that its estoppel theory was a new claim brought in its response. [*Id.* at 3]. Instead, Toccoa states that "Toccoa is under no obligation to specify in its complaint all avenues for or support of recovery under its claim for bad faith. Toccoa is only required to provide 'fair notice' in its complaint." [*Id.*]. The Court will review Toccoa's

objections in reverse order, beginning with its new estoppel theory brought in response to Zurich's motion.

## I. DISCUSSION

### A. Estoppel

First, Judge Hawthorn was correct in stating that the Court need not entertain new theories of law raised in response to a motion for summary judgment. [Dkt. 150 at 24]; *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 926 (5th Cir. 2022) ("[T]his court has 'repeatedly emphasized' that new claims need not be considered when first raised in responses to summary judgment motions."); *Jackson v. Gautreaux*, 3 F.4th 182, 188 (5th Cir. 2021) ("It is well settled in our circuit that 'a claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.'") (collecting cases).

This includes not just new causes of action, but new theories of law as well. *See De Franceschi v. BAC Home Loans Serv'ing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) ("[D]istrict courts do not abuse their discretion when they disregard *claims or theories of liability* not present in the complaint and raised in a motion opposing summary judgment.") (emphasis added) (collecting cases); *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 440, 458 (N.D. Tex. 2015) (declining to consider an "unpled theory" brought in response to a motion for summary judgment because the defendant "ha[d] been left without fair notice to mount a defense against [the plaintiff's] last-minute agency assertions"); *see also Le v. Exeter Fin. Corp.*, Civ. A. No. 3:15-CV-3839-L, 2020 WL 1158429, at *8 n.3 (N.D. Tex. Mar. 9, 2020) ("Le's estoppel theory was raised for the first time during the second round of briefing in connection with the court's *sua sponte* motion for summary judgment on his quantum meruit claim. A claim or theory of relief that is not raised in a party's pleadings but, rather, is raised only in response to a motion for

summary judgment is not properly before the court.") (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)).

In *De Franceschi*, the Fifth Circuit held, in pertinent part:

> The district court correctly dismissed plaintiffs' theories of breach of contract and wrongful foreclosure, *which were not described with any particularity in the complaint*. For example, the response to the summary-judgment motion claimed that BAC had breached (and anticipatorily breached) the deed of trust by failing to notify plaintiffs of the reinstatement amount and by improperly charging them for force-placed insurance, *even though those nondisclosure and improper-charge theories of breach of contract are nowhere to be found in the complaint*. For the same reasons, the district court properly refused to consider the theories of nondisclosure and force-placed insurance as they relate to the misrepresentation and wrongful-foreclosure claims.

*De Franceschi*, 477 F. App'x at 204 (emphases added).

Furthermore, while Toccoa is correct in stating that a plaintiff must provide "fair notice" of its claims, the U.S. Supreme Court has made clear what is required of a plaintiff's complaint in *Twombly*, stating:

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is *and the grounds upon which it rests*," . . . . While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added) (internal citations omitted).

Toccoa's estoppel theory, raised briefly in its response to Zurich's motion for summary judgment, is a new theory of law raised in its response, that is absent in its operative complaint. For this reason, Zurich had not discussed it anywhere in its Motion for Summary Judgment and Brief in Support. *See generally* [Dkt. 96]. As the Northern District of Texas has correctly opined, this leaves the defendant "without fair notice to mount a defense against [the plaintiff's]

5

last-minute" assertions, lest the parties continue briefing new theories in their reply and sur-reply, which is disfavored. *BCC Merch. Sols.*, 129 F. Supp. at 458. The Court therefore agrees with Judge Hawthorn's analysis and will not consider Toccoa's unpled estoppel theory.

## B. Vicarious Liability

Next, Toccoa directs the Court to the Texarkana Court of Appeals' decision in *Maryland Insurance Company v. Head Industrial Coatings and Services, Inc.* in support of its vicarious liability for an agent's negligent procurement claim. [Dkt. 165 at 2–3].

"Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1999) (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). "A cause of action for breach of the duty of good faith and fair dealing exists when the insurer has *no reasonable basis* for denying or delaying payment of a claim or when the insurer fails to determine or delays in determining whether there is any reasonable basis for denial." *Id.* (emphasis in original) (citing *Arnold*, 725 S.W.2d at 167). Importantly, "the common-law bad-faith standard is the same as the statutory standard." *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (citation omitted). "In order to sustain such a claim, the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim." *Higginbotham*, 103 F.3d at 459 (citation omitted). Accordingly, the analysis turns on the *insurer*'s conduct in denying the payment to the insured. *Id.*

The Court's analysis is also guided by the Texas Supreme Court's decision in *Boyd*. In *Boyd*, the court articulated two important principles. First, where the insured's breach of contract

claim fails because the policy did not cover the claim, the insured's bad faith claim generally must fail too. 177 S.W.3d at 922. ("Boyd's common-law bad-faith claims are also negated by the determination in the breach of contract claim that there was no coverage.") (citation omitted). But the court "left open the possibility that an insurer's denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct was extreme and produced damages unrelated to and independent of the policy claim." *Id.* (citation omitted).

Toccoa does not dispute Judge Hawthorn's conclusion that the builders' risk policy does not provide coverage for the interior of its warehouse. [Dkt. 150 at 19–20]. Thus, there is already a presumption that Toccoa's bad faith claim must fail. *See Boyd*, 177 S.W.3d at 922. Judge Hawthorn also concluded that Toccoa could not proceed under a bad faith claim predicated on an "injury independent of the policy claim."[1] [*Id.* at 21].

Toccoa urges the Court to apply the analysis enunciated in *Head Industrial*. 906 S.W.2d 218 (Tex. App.—Texarkana 1995), *rev'd on other grounds*, 938 S.W.2d 127 (Tex. 1996). Indeed, Toccoa's objections maintain that this case was "cited by Toccoa in support of its claim." [Dkt. 165 at 2, ¶ 3] (citing its Response, Dkt. 107 n.19). First, the Court notes that Toccoa argued this case for the first time in a footnote to its *Sur-Reply*, *not* its Response. [Dkt. 112 at 5 n.18]. Toccoa's Response to Zurich's Motion for Summary Judgment is devoid of any mention or citation to this case. *See generally* [Dkt. 107]. In this circuit, it is well-established that arguments raised for the first time in a sur-reply are waived. *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, L.L.C.*, 850 F. App'x 213, 217 (5th Cir. 2021) ("[A] new argument cannot be raised for the first time in a reply brief, let alone a sur-reply.") (citation omitted); *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir.

---

[1] Although Judge Hawthorn analyzed the bad faith claim under the statutory standard, this is of no import because the common law and statutory standards are the same. *See Boyd*, 177 S.W.3d at 922 ("[T]he common-law bad-faith standard is the same as the statutory standard").

2016) ("Reply briefs cannot be used to raise new arguments.") (citation omitted); *see also Miles Bramwell USA, LLC v. Weight Watchers Int'l, Inc.*, No. 4:12-CV-292, 2013 WL 1797031, at *4 (E.D. Tex. Mar. 27, 2013) ("Legal arguments raised for the first time in a sur-reply, like arguments raised for the first time in a reply, are waived.") (citation and internal quotation marks omitted), *R. & R. adopted*, No. 4:12cv292, 2013 WL 1793934 (E.D. Tex. Apr. 26, 2013). Toccoa's arguments based on this case, therefore, are waived.

Toccoa's argument based on *Head Industrial* fail regardless of the waiver, however. The Texarkana Court of Appeals based its bad faith analysis on the Texas Supreme Court's decision in *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695 (Tex. 1994). *See Head Indus.*, 906 S.W.2d at 227 ("A carrier is liable to the insured for acts of its agents that breach a duty of good faith and fair dealing.") (citing *Natividad*, 875 S.W.2d 695). In *Natividad*, however, the Texas Supreme Court held that "[a]n insurance carrier, not its agents and contractors *providing claims handling services*, is liable to the insured for actions by the agents or contractors that breach the duty of good faith and fair dealing owed by the carrier to the insured." *Natividad*, 875 S.W.2d at 696 (emphasis added). Importantly, the court pronounced that "[w]hen the insurance carrier has contracted with agents or contractors *for the performance of claims handling services*, the carrier remains liable for actions by those agents or contractors that breach the duty of good faith and fair dealing owed to the insured by the carrier." *Id.* at 698 (emphasis added).

Here, Toccoa does not allege, and the summary judgment evidence in the record does not show, that the Maida Agency, Inc. ever handled Toccoa's claim. Instead, Toccoa pleaded that *Zurich* handled its claim, [Dkt. 52 at 3, ¶ 11] ("Immediately after the storm and discovery of the damage. Toccoa began the process of pursuing a claim with . . . Zurich"); *id.* at 6, ¶ 24 ("Zurich is liable for its bad faith actions resulting from *its denial of payment to Toccoa*.") (emphasis added).

In fact, Toccoa's own exhibits attached to its Response to Zurich's Motion for Summary Judgment indisputably show that Zurich handled, and ultimately denied, Toccoa's claim. [Ex. C, Dkt. 107-3]. Toccoa has only represented that the Maida Agency, Inc. procured the wrong policy. [Dkt. 52 at 3 ¶ 9]; *id.* at 6, ¶ 25 ("Zurich remains liable for its agent's failure to properly procure a builder's risk policy covering the interior portions of the warehouse"). Thus, *Natividad*, and by extension, *Head Industrial*, do not apply. *See Natividad*, 875 S.W.2d at 696, 698 (providing that an insurance carrier is liable for actions of agent only when agent performs claims handling services); *Head Indus.*, 906 S.W.2d at 226–27.

Thus, the Court agrees with Judge Hawthorn's analysis, and determines that he correctly analyzed Toccoa's bad faith claim, and properly recommended granting summary judgment in favor of Zurich.

## II.   CONCLUSION

It is therefore **ORDERED** that Plaintiff Toccoa, Ltd.'s Objections to Magistrate Judge Zack Hawthorn's Report and Recommendation [Dkt. 165] are **OVERRULED** and Judge Hawthorn's Report and Recommendation Granting Defendant American Zurich Insurance Company's Motion for Summary Judgment [Dkt. 150] is **ACCEPTED**. Defendant American Zurich Insurance Company's Motion for Summary Judgment and Brief in Support [Dkt. 96] is therefore **GRANTED**.

The Clerk of Court is **INSTRUCTED** to terminate Defendant American Zurich Insurance Company as a defendant in this matter.

It is further **ORDERED** that Defendant American Zurich Insurance Company's Motion to Exclude Opinions of Randal G. Cashiola [Dkt. 86], Motion to Exclude Supplemental Opinions of Randal G. Cashiola [Dkt. 128], and Motion in Limine [Dkt. 141] are **DENIED AS MOOT**.

It is further **ORDERED** that Toccoa, Ltd.'s Motion to Strike American Zurich Insurance Company's Sur-Reply [Dkt. 115] and Motion for Oral Hearing [Dkt. 117] are **DENIED AS MOOT**.

**SIGNED this 21st day of June, 2023.**

_Michael J. Truncale_
Michael J. Truncale
United States District Judge